Justin Sterling, Esq. (SBN: 290642)
The Sterling Firm, APLC
8605 Santa Monica Boulevard, #96543
Los Angeles, CA 90069
Tel.: (310) 498-2750
Fax: (310) 362-8608
Email: justin@thesterlingfirm.com
Attorney for Plaintiff Michael Arnold

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| MICHAEL ARNOLD, an individual,<br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA; ARAMARK MANAGEMENT SERVICES, LIMITED PARTNERSHIP, a business entity; YOSEMITE HOSPITALITY, LLC; a business entity;<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.:<br><br>PLAINTIFF'S COMPLAINT FOR DAMAGES FOR:<br><br>1. NEGLIGENCE [FTCA]<br>2. NEGLIGENCE [non-FTCA]<br><br>DEMAND FOR JURY TRIAL |

Plaintiff MICHAEL ARNOLD (hereinafter “Plaintiff”), by and through his attorney, The Sterling Firm, APLC, as and for a Complaint against Defendants, and each of them, based on information and belief, and which is likely to have evidentiary support after a reasonable opportunity for investigation and discovery, hereby alleges:

**JURISDICTION**

1. This Court has subject matter jurisdiction under 28 U.S.C. § 1346(b)(1), which grants exclusive jurisdiction over claims against the United States for Federal Tort Claims litigation in the Federal District Court. This action arises under the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.*

2. This Court also has diversity jurisdiction under 28 U.S.C. § 1332 as there exists diversity of citizenship among the parties and that the amount in controversy exceeds $75,000.

1. As to those claims asserted herein against the Defendants ARAMARK MANAGEMENT SERVICES LIMITED PARTNERSHIP and YOSEMITE HOSPITALITY, LLC, the Federal District Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367(a).

**VENUE**

2. Venue is proper in the Eastern District of California pursuant to 28 U.S.C. § 1402(b) because the incident giving rise to this claim occurred in Yosemite National Park, which is within this judicial district.

**PARTIES**

3. At all times mentioned herein, Plaintiff resides in County of Douglas, Georgia and was lawfully on the premises of Defendants at the time of the subject incident.

4. At all relevant times, the UNITED STATES OF AMERICA acted by and through its agencies, the UNITED STATES DEPARTMENT OF THE INTERIOR and NATIONAL PARK SERVICE.

5. At all relevant times, Defendant ARAMARK MANAGEMENT SERVICES, LIMITED PARTNERSHIP is and at all times mentioned herein was a legal entity conducting business under the laws of the State of California.

6. At all relevant times, Defendant YOSEMITE HOSPITALITY, LLC is and at all times mentioned herein was a legal entity conducting business under the laws of the State of California.

7. At all times herein, Defendants ARAMARK MANAGEMENT SERVICES, LIMITED PARTNERSHIP and YOSEMITE HOSPITALITY, LLC, and each of them, were the concessioner contractor with the UNITED STATES OF AMERICA, by and through its agencies, the UNITED STATES DEPARTMENT OF THE INTERIOR and NATIONAL PARK SERVICE.

8. At all times herein, Defendants, and each of them, were the possessors, controllers, managers, operators, designers, maintainers, inspectors, supervisors, and/or owners of the walkway around, upon information and belief, the "Valley Welcome Center," located at or about

9035 Village Dr, Yosemite Valley, CA 95389 (generally hereinafter referred to at times as "subject location", "walkway", and/or "premises").

9. Plaintiff is informed and believes, and based upon such information and belief alleges that on or about January 4, 2024 and sometime prior thereto, Defendants, and each of them, owned, operated, controlled, designed, planned, supervised, altered, amended, built, constructed, developed, repaired, and maintained the premises, and/or selected, hired, engaged, contracted, and/or permitted others to perform work on the premises, resulting in the dangerous, defective and unsafe condition as described herein.

10. At all times herein mentioned, Defendants, inclusive, were the agents, servants, contractors, and/or employees of their co-Defendants, and in doing the things hereinafter alleged were acting within the scope of their authority as such agents, servants, contractors, and/or employees and with the consent and permission of their co-Defendants.

11. Plaintiff is informed and believes, and based upon such information and belief alleges that each of the Defendants are responsible in some manner and liable herein by reason of negligence, malfeasance, nonfeasance, wanton and reckless misconduct, and conscious disregard, and said Defendants directly, legally, and proximately caused the injuries and damages asserted in this Complaint by such wrongful conduct.

12. The acts, conduct, and nonfeasance herein carried out by each and every representative, employee, contractor, and/or agent of each and every public entity and/or corporate or business defendants, were authorized, ordered, and directed by the respective Defendant's entity and/or corporate or business employers, officers, directors, and/or managing agents; that in addition thereto, said public entity and/or corporate or business employers, officers, directors, and/or managing agents had advance knowledge of, authorized, and participated in the herein described acts, conduct, and nonfeasance of their representatives, contractors, employees, agents, and each of them; and that in addition thereto, upon the completion of the aforesaid acts, conduct, and nonfeasance of the contractors, employees, and/or agents, the aforesaid entity and/or corporate and business employers, officers, directors, and/or managing agents respectively ratified,

permitted, and/or accepted the benefits of, condoned and/or approved of each and all of said acts, conduct, or nonfeasance of their contractors and/or co-employees, employers, and agents.

///

13. In addition, at all times herein relevant, each Defendant, was a principal, master, contractor, employer, and/or joint venturer of every other Defendant, and every Defendant was acting within the scope of said contract and/or agency authority, employment, and joint venture.

14. On or about January 4, 2024, and prior to that date, the premises always was and is owned, operated, maintained, inspected, and under the possession and control of Defendants, and each of them. At all times herein, the premises remained as the public park known as Yosemite.

15. Prior to January 4, 2024, Defendants, and each of them designed, constructed, built, repaired, inspected, and/or maintained the premises, or permitted and/or authorized another to do the same, thereby leading to a dangerous condition which was negligently maintained by Defendants.

16. Prior to the subject incident occurring on or about January 4, 2024, a contractor and/or an employee or employees of, or agent or agents of, Defendants, and each of them, negligently designed, built, constructed, repaired, inspected, managed, and/or maintained the premises in a dangerous condition.

**STATUTORY BASIS OF LIABILITY AGAINST**
**THE UNITED STATES OF AMERICA**

17. On or about January 4, 2024, at or around 10:30 a.m., Plaintiff Mr. Arnold was lawfully on the premises when, as a proximate result of the dangerous condition consisting of slippery material and/or ice on the walkway and due to the negligence of said Defendants, and each of them, the dangerous condition caused Plaintiff Mr. Arnold to fall, proximately causing the severe injuries and damages to Mr. Arnold, including but not limited to multiple fractures requiring surgical operation and hardware implantation in his body.

18. On or about June 5, 2024, Plaintiff, through his counsel, presented to the National Park Service and Yosemite National Park a written claim for injuries, losses, and damages incurred by Plaintiff by reason of the Defendants as referenced herein this Complaint, all in compliance with

the requirements 18 U.S.C. § 2401(b). A true and correct copy of Plaintiff's claims are attached hereto as **Exhibit A**.

19. On Jun 14, 2024, Mr. Jeff Webb, Tort Claims Officer/ Deputy Chief Ranger Yosemite NP acknowledged receipt of the notice submitted to the National Park Service, Yosemite National Park and provided the notice to the U.S. Department of the Interior, Office of the Solicitor, Torts Practice Branch. A true and correct copy of acknowledgements are attached hereto as **Exhibit B**.

20. Plaintiff is informed and believes, and based upon such information and belief alleges the the United States Department of the Interior has rejected Plaintiff's claim, as provided in a letter by Ms. Theresa Copeland, Attorney Advisor, Division of General Law, Torts Practice Branch dated December 12, 2024, entitled "FTCA Claim TPB-24-0366," a true and correct copy is attached hereto as **Exhibit C**. Therefore, pursuant to the Federal Tort Claims Act, Plaintiffs' Complaint is being timely filed. Accordingly, pursuant to 18 U.S.C. § 2401(b), Plaintiff is authorized to file the instant Complaint. See also, 28 U.S.C. § 2675.

## NATURE OF THE ACTION

21. On or about January 4, 2024, at or around 10:30 a.m., Plaintiff Mr. Arnold was lawfully on the premises when, as a proximate result of the dangerous condition consisting of slippery material and/or ice on the walkway and due to the negligence of said Defendants, and each of them, the dangerous condition caused Plaintiff Mr. Arnold to fall, proximately causing the severe injuries and damages to Mr. Arnold.

22. Prior to January 4, 2024, an employee or employees of, or agent or agents of, Defendants, and each of them, negligently designed, built, constructed, repaired, inspected, and/or maintained the premises in a dangerous condition in that the walkway had uneven height, slope, elevation, vertical displacement, and/or the selection and/or placement of the materials making up the walkway was dangerous, all of which exceeded reasonable design guidelines and practices.

23. Prior to January 4, 2024, Defendants, and each of them, had actual knowledge of the existence of the premises and knew of its dangerous character and condition described herein.

24. Prior to January 4, 2024, Defendants, and each of them, had constructive notice of the existence of the herein described condition in that the condition existed for a sufficient period and

was of such a nature to said Defendants, and each of them, in the exercise of due care, said Defendants should have discovered the condition and its dangerous character prior to the subject incident. Defendants, and each of them, had the authority and it was said Defendants' responsibility to inspect the premises or to see that inspections were made to determine whether the premises constituted a dangerous condition and to take adequate measures to protect against such dangerous conditions at the expense of said Defendants, and each of them, and the funds and other means for doing so were immediately available to said Defendants, including but not limited to provide warning of the dangerous condition.

25. Defendants, and each of them, failed to adequately design, build, construct, repair, inspect, warn, and/or maintain the premises in accordance with reasonable guidelines and/or failed to warn and/or remedy the dangerous condition as described herein.

26. The negligence of Defendants, and each of them, caused a dangerous condition which created a substantial and reasonably foreseeable risk of the type of injury hereinafter alleged when the premises was used by Plaintiff with due care in a manner in which it was reasonably foreseeable that the premises would be used.

27. On or about January 4, 2024, the premises were being used by Plaintiff with due care in a manner in which it was reasonably foreseeable that the premises would be used.

28. At the time and place of the subject incident, there were in effect standards, regulations, specifications, guidelines, practices, and/or requirements for such walkways.

29. Prior to January 4, 2024, said Defendants, and each of them, violated the effective standards, regulations, specifications, guidelines, requirements, and/or practices by failing to design, build, construct, maintain, warn, remedy, and/or fix the premises in accordance with the applicable standards.

30. The applicable standards, regulations, specifications, guidelines, requirements, and/or practices were enacted to prevent the herein described dangerous condition.

31. Plaintiff was at the time of the subject incident and is within the class of people the applicable standards, regulations, specifications, guidelines, requirements, and/or practices were

intended to protect. The standards, regulations, specifications, guidelines, requirements, and/or practices exist to ensure the safety of all foreseeable people lawfully using the walkway.

**FIRST CAUSE OF ACTION**

**NEGLIGENCE**

**(Against Defendants UNITED STATES OF AMERICA,**
**by and through its agencies, the UNITED STATES DEPARTMENT OF THE INTERIOR and NATIONAL PARK SERVICE)**

32. Plaintiff repeats, incorporates, and re-alleges the paragraphs herein this Complaint, as though fully set forth.

33. Plaintiff is informed and believes, and thereupon alleges that Defendants UNITED STATES OF AMERICA, by and through its agencies, the UNITED STATES DEPARTMENT OF THE INTERIOR and NATIONAL PARK SERVICE, inclusive, and each of them had a duty to take reasonable precautions to ensure the safe maintenance and management of the walkway at the subject location, to provide a reasonably safe walkway for park visitors and pedestrians, and to prevent and/or minimize the risk of pedestrian slipping hazards at the subject location.

34. Plaintiff is further informed and believes and thereupon alleges that said Defendants had undertaken to provide maintenance and/or management for the subject location, and to provide a safe environment for pedestrians to traverse, including Plaintiff, to and from the walkway when permitted, and thus had a duty to provide for the protection from unreasonable dangers and provide a safe premises for pedestrians to traverse, including Plaintiff, on their way to and from the walkway as a reasonable person.

35. Plaintiff is informed and believes, and thereupon alleges that at all times mentioned herein, said Defendants, inclusive, and each of them, as well as their agents, employees and/or contractors inspected, designed, maintained, allowed, permitted, regulated, constructed, supervised, operated, and/or were otherwise responsible for conducting, regulating and maintaining safety at or near the scene of the subject incident, and for conducting, regulating, and maintaining the safe walkway for pedestrians to traverse.

36. Plaintiff is informed and believes and thereupon alleges that Defendants UNITED STATES OF AMERICA, by and through its agencies, the UNITED DEPARTMENT OF THE INTERIOR and NATIONAL PARK SERVICE, inclusive, and their employees, agents, servants and/or contractors breached their duty of care by negligently, carelessly, recklessly, or in some other actionable manner maintaining the subject location and/or causing it to be repaired and/or maintained in such a manner which created a foreseeable risk of harm and injury as complained of herein. Said negligent, careless, and reckless conduct was a cause of the subject incident and consequential injuries and damages to Plaintiff.

37. Plaintiff is informed and believes and thereupon alleges that such negligent, careless, and/or reckless conduct includes, but is not limited to: negligently, carelessly, and/or recklessly maintaining the subject location; failing to inspect, use, and/or activate warning signs; failing to follow proper procedures; negligently hiring, supervising, training, and/or controlling employees, agents, servants, and/or contractors; negligently entrusting the maintenance of the subject location; failing to properly control, supervise, maintain, inspect, and/or repair the subject location so as to cause a foreseeable dangerous condition to exist capable of producing the nature and extent of injuries as complained of herein; causing and/or contributing to the existence of a concealed trap and dangerous condition at the subject location; failing to take reasonable precautions to ensure the safe maintenance of the subject location; failing to prevent and minimize the risk of pedestrian injuries at the subject location; failing to supervise, operation, and/or provide for the protection of pedestrians, including Plaintiff, on their way to and from the walkway; failing to provide a reasonably safe walkway; and failing to exercise reasonable care under the circumstances.

38. Plaintiff is informed and believes, and thereupon alleges, that as a result of the above described conduct, said Defendants, inclusive, and each of them, breached their duty to act in a reasonable manner.

39. Plaintiff is informed and believes and thereupon alleges that as a result of the conduct described herein, Defendants UNITED STATES OF AMERICA, by and through its agencies, the UNITED STATES DEPARTMENT OF THE INTERIOR and NATIONAL PARK SERVICE,

inclusive, and their employees, agents, servants, and/or contractors breached their duty of care to Plaintiff.

40. As a direct and proximate result of the conduct of the Defendants, and each of them, as described herein, Plaintiff was injured and hurt in his health, strength and activity, sustaining injuries to his body, and shock and injury to his nervous systems and persons, all of which have caused and continue to cause Plaintiff great physical, mental and nervous pain and suffering. Plaintiff is informed and believes and thereupon alleges that said injuries will result in some permanent disability to him, all to his general damage in an amount which will be stated according to proof at trial.

41. As a direct and proximate result of the conduct of the Defendants, and each of them, as described herein, Plaintiff was compelled to and did employ the services of hospitals, physicians, surgeons, nurses and the like, to care for and treat him, and did incur hospital, medical, professional and incidental expenses, and Plaintiff is informed and believes and thereupon alleges that by reason of these injuries, he will necessarily incur additional like expenses for an indefinite period of time in the future, the exact amount of which expenses will be stated according to proof at trial.

42. As a direct and proximate result of the conduct of the Defendants, and each of them, as described herein, Plaintiff was prevented from attending to his usual occupations, and Plaintiff is informed and believes and thereupon alleges that he will thereby be prevented from attending to his usual occupations for a period of time in the future, and thereby will also sustain a loss of earning capacity, in addition to lost earnings, past, present and future, in an amount which will be stated according to proof at trial.

**SECOND CAUSE OF ACTION**

**NEGLIGENCE**

**(Against Defendants ARAMARK MANAGEMENT SERVICES, LIMITED PARTNERSHIP and YOSEMITE HOSPITALITY, LLC)**

43. Plaintiff repeats, incorporates, and re-alleges the paragraphs herein this Complaint, as though fully set forth.

44. On or about January 4, 2024, Defendants ARAMARK MANAGEMENT SERVICES, LIMITED PARTNERSHIP and YOSEMITE HOSPITALITY, LLC, inclusive, carelessly and negligently designed, constructed, owned, operated, maintained, inspected, and/or controlled the premises, and carelessly and/or negligently supervised, managed, instructed, performed work and/or selected, hired, engaged, contracted, and/or permitted others to perform work on the premises, thereby resulting in the dangerous, defective, and unsafe condition on the property. The dangerous condition and those acts and/or omissions of Defendants and/or their employees and/or agents proximately caused Plaintiff to suffer severe personal injuries.

45. Despite knowledge on the part of Defendants ARAMARK MANAGEMENT SERVICES, LIMITED PARTNERSHIP and YOSEMITE HOSPITALITY, LLC, inclusive, of the danger, the Defendants nonetheless failed to exercise reasonable and/or ordinary control over the operation and/or management of the premises, which negligence served as a proximate and legal cause of the injuries and damages suffered by Plaintiff.

46. Defendants ARAMARK MANAGEMENT SERVICES, LIMITED PARTNERSHIP and YOSEMITE HOSPITALITY, LLC, inclusive, unreasonably failed to do anything within Defendants' power to prevent the subject incident from occurring, including by failing, omitting, and/or neglecting to provide warning and/or provide any caution or warning of the dangerous condition on the premises at the time of the subject incident, and/or correct, fix, and/or remedy the dangerous condition, and/or make the premises safer. Such failure constituted negligence on the part of Defendants.

47. Defendants ARAMARK MANAGEMENT SERVICES, LIMITED PARTNERSHIP and YOSEMITE HOSPITALITY, LLC, inclusive, improperly and/or carelessly allowed and/or permitted Plaintiff's use of the walkway in the premises despite the existence of the danger. Moreover, Defendants failed to provide adequate safety and/or warnings, thereby creating the danger, and/or failed to make the property safe for park visitors and pedestrians such as Plaintiff.

48. Defendant's actions and/or decisions were a substantial factor of Plaintiff's injuries and damages, and therefore the direct and proximate cause of the incident, injuries, and damages.

49. By reason of the foregoing, said Defendants, and each of them, are liable for, and Plaintiff is entitled to recover general, special, actual and compensatory damages, including, but not limited to, necessary past and future medical and related expenses, past, present and future lost earnings, loss of future earning capacity, as well as mental, emotional and physical pain and suffering, in an amount presently unknown but exceeding the minimum jurisdictional limit of this Court and as proven at time of trial.

50. As a proximate result of the dangerous condition and of the carelessness, recklessness, and/or unlawfulness of said Defendants, and each of them, Plaintiff necessarily employed medical healthcare providers and physicians for medical examination, treatment, and care for these injuries and incurred medical and incidental expenses and may have to incur additional like expenses in the future, all in amounts presently unknown to Plaintiff. Plaintiff therefore requests leave of Court to prove that amount at trial.

## REQUEST FOR DISCLOSURE

51. Pursuant to the Federal Rules of Civil Procedure, request is hereby made to disclose the information or material described in Rule 26(a).

## DEMAND FOR JURY TRIAL

52. Plaintiff hereby requests a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For general damages according to proof at time of trial,
2. For special damages according to proof at time of trial,
3. For actual and compensatory damages according to proof at time of trial,
4. For costs of suit incurred herein, and
5. For such other and further relief which this Court deems fair, just, equitable, and proper.

DATED: MARCH 21, 2025

**THE STERLING FIRM**

By: *Justin Sterling*

Justin Sterling, Esq.
Attorney for Plaintiff

# EXHIBIT A

| **CLAIM FOR DAMAGE, INJURY, OR DEATH** | **INSTRUCTIONS:** Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal and/or State Agency: | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code. |
|---|---|
| National Park Service<br>1849 C Street NW<br>Washington, DC 20240 | 5855 S Quail Dr. Douglasville, GA 30135 |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| ☐ MILITARY ☒ CIVILIAN | 04/23/1956 | | 01/04/2024 Thursday | 10:30 AM |

8. BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

On January 4, 2024, Defendants Yosemite National Park so negligently and carelessly owned, operated, maintained, serviced, inspected and otherwise controlled the premises so that a dangerous condition was permitted to exist on said premises which caused Claimant Michael Arnold to sustain physical injuries.

Defendant Yosemite National Park designed, manufactured, constructed, built, owned, sold, transferred, managed, maintained, controlled, used, operated, supervised, inspected, and/or repaired the property involved in this incident, all or part of the incident site, adjacent property, improvements and/or fixtures thereon, and/or component parts thereof, in a negligent, careless, reckless, unlawful, defective and/or dangerous manner, which were used in a foreseeable manner involving unreasonable danger and/or risk not reasonably apparent, without adequate warning, which caused injuries and damages to Claimant Michael Arnold.

Mr. Michael Arnold was a customer / business invitee of Yosemite National Park. While walking at the premises as a reasonable person, he slipped and fell on ice on the walkway which was maintained in a dangerous condition, resulting in severe personal injuries.

9. **PROPERTY DAMAGE**

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

N/A

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

N/A

10. **PERSONAL INJURY/WRONGFUL DEATH**

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

Injuries include but is not limited to: left hip fracture; left elbow fracture-dislocation; ORIF of olecranon; radial head displacement; peeling skin, and scarring of the left arm.

11. **WITNESSES**

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| Claimant's medical healthcare providers, witnesses regarding Claimant's general, pain and suffering damages, Claimant's retained and non-retained expert, inter alia. | |

12. (See instructions on reverse). **AMOUNT OF CLAIM** (in dollars) Sum certain amount of $5,000,000.00; and, more than the jurisdictional amount of $25,000.00

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause |
|---|---|---|---|
| N/A | Sum certain amount of $5,000,000.00; and, more than the jurisdictional amount of $25,000.00 | N/A | Sum certain amount of $5,000,000.00; and, more than the jurisdictional amount of $25,000.00 |

**I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.**

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| [signature] | (310) 398-2750 | 06/05/2024 |

| **CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM** | **CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS** |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

15. Do you carry accident Insurance? ☐ Yes If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number. ☐ No

N/A as this is a slip and fall

16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible? ☐ Yes ☒ No

N/A as this is a slip and fall

17. If deductible, state amount.

N/A

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts).

N/A

19. Do you carry public liability and property damage insurance? ☐ Yes If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code). ☒ No

N/A

## INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.**

**Complete all items - Insert the word NONE where applicable.**

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

**Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.**

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filled by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

*(a)* In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

*(b)* In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

*(c)* In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

*(d)* **Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.**

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.
B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

# CLAIM FOR DAMAGE, INJURY, OR DEATH

**INSTRUCTIONS:** Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions.

FORM APPROVED OMB NO. 1105-0008

| 1. Submit to Appropriate Federal and/or State Agency: | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code. |
|---|---|
| Yosemite National Park<br>P.O. Box 577<br>Yosemite, CA 95389 | 5855 S Quail Dr. Douglasville, GA 30135 |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| ☐ MILITARY ☒ CIVILIAN | 04/23/1956 | | 01/04/2024 Thursday | 10:30 AM |

8. BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

On January 4, 2024, Defendants Yosemite National Park so negligently and carelessly owned, operated, maintained, serviced, inspected and otherwise controlled the premises so that a dangerous condition was permitted to exist on said premises which caused Claimant Michael Arnold to sustain physical injuries.

Defendant Yosemite National Park designed, manufactured, constructed, built, owned, sold, transferred, managed, maintained, controlled, used, operated, supervised, inspected, and/or repaired the property involved in this incident, all or part of the incident site, adjacent property, improvements and/or fixtures thereon, and/or component parts thereof, in a negligent, careless, reckless, unlawful, defective and/or dangerous manner, which were used in a foreseeable manner involving unreasonable danger and/or risk not reasonably apparent, without adequate warning, which caused injuries and damages to Claimant Michael Arnold.

Mr. Michael Arnold was a customer / business invitee of Yosemite National Park. While walking at the premises as a reasonable person, he slipped and fell on ice on the walkway which was maintained in a dangerous condition, resulting in severe personal injuries.

9. **PROPERTY DAMAGE**

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

N/A

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

N/A

10. **PERSONAL INJURY/WRONGFUL DEATH**

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

Injuries include but is not limited to: left hip fracture; left elbow fracture-dislocation; ORIF of olecranon; radial head displacement; peeling skin, and scarring of the left arm.

11. **WITNESSES**

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| Claimant's medical healthcare providers, witnesses regarding Claimant's general, pain and suffering damages, Claimant's retained and non-retained expert, inter alia. | |

12. (See instructions on reverse). **AMOUNT OF CLAIM** (in dollars) Sum certain amount of $5,000,000.00; and, more than the jurisdictional amount of $25,000.00

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause |
|---|---|---|---|
| N/A | Sum certain amount of $5,000,000.00; and, more than the jurisdictional amount of $25,000.00 | N/A | Sum certain amount of $5,000,000.00; and, more than the jurisdictional amount of $25,000.00 |

**I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.**

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| [signature] | (310) 398-2750 | 06/05/2024 |

| **CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM** | **CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS** |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

15. Do you carry accident Insurance? ☐ Yes If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number. ☐ No

N/A as this is a slip and fall

16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible? ☐ Yes ☒ No

N/A as this is a slip and fall

17. If deductible, state amount.

N/A

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts).

N/A

19. Do you carry public liability and property damage insurance? ☐ Yes If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code). ☒ No

N/A

## INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.**

**Complete all items - Insert the word NONE where applicable.**

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

**Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.**

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filled by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

*(a)* In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

*(b)* In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

*(c)* In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

*(d)* **Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.**

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.
B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

# EXHIBIT B

# United States Department of the Interior

NATIONAL PARK SERVICE
Yosemite National Park
P.O. Box 577
Yosemite National Park, CA 95389

IN REPLY REFER TO:

A7637 (YOSE-VRP)

June 14, 2024

Mr. Michael Arnold
5855 S Qual Dr. Douglasville
GA 30135
Cell Phone (310) 398-2750

RE: Receipt of Claim for Damage, Injury, or Death

Dear Mr. Arnold:

This letter acknowledges receipt of the claim submitted on your behalf by The Sterling Firm to the National Park Service, Yosemite National Park, for damages. Your claim has been forwarded to the U.S. Department of the Interior, Office of the Solicitor, Torts Practice Branch for review and determination pursuant to the provisions of the Federal Tort Claims Act found at 28 U.S.C. §§ 2671-2680. Regulations pertaining to the FTCA can be found at Title 28, Code of Federal Regulations, Part 14; and Title 43, Code of Federal Regulations, Part 22.

We are in receipt of your SF-95 claim and supporting documentation.

If you have any questions, you may contact me by email at yose_tort_claims@nps.gov (preferred), by phone at 209-372-0472, or at the following address:

Yosemite National Park
PO Box 577
Yosemite, CA 95389

Sincerely,

6/14/2024

X Jeff Webb

Jeff Webb
Deputy Chief Ranger
Signed by: JEFFREY WEBB

The Sterling Firm

**Justin Sterling, Esq. <justin@thesterlingfirm.com>**

---

# YNP Acknowledgement of claim regarding Mr. Michael Arnold

1 message

---

**NPS YOSE Tort Claims** <YOSE_tort_claims@nps.gov> Fri, Jun 14, 2024 at 4:41 PM
To: "justin@thesterlingfirm.com" <justin@thesterlingfirm.com>
Cc: "YOSE Superintendent, NPS" <yose_superintendent@nps.gov>

Dear Mr. Arnold and The Sterling Firm,

This letter and email acknowledge receipt of the claim submitted on your behalf by The Sterling Firm to the National Park Service, Yosemite National Park, for damages. Your claim has been forwarded to the U.S. Department of the Interior, Office of the Solicitor, Torts Practice Branch for review and determination pursuant to the provisions of the Federal Tort Claims Act found at 28 U.S.C. §§ 2671-2680. Regulations pertaining to the FTCA can be found at Title 28, Code of Federal Regulations, Part 14; and Title 43, Code of Federal Regulations, Part 22.

We are in receipt of your SF-95 claim and supporting documentation.

If you have any questions, you may contact me by email at yose_tort_claims@nps.gov (preferred), by phone at 209-372-0472, or at the following address:

Yosemite National Park
PO Box 577
Yosemite, CA 95389

Sincerely,

Jeff Webb
Tort Claims Officer/ Deputy Chief Ranger
Yosemite NP

---

**YNP Acknowledgement Letter to Arnold.pdf**
467K

# EXHIBIT C

# United States Department of the Interior

OFFICE OF THE SOLICITOR
Division of General Law, Torts Practice Branch
505 Marquette Ave N.E. Suite 1800
Albuquerque, NM 87102

December 12, 2024

**CERTIFIED MAIL - RETURN RECEIPT REQUESTED**

Justin Sterling
The Sterling Firm
8605 Santa Monica Boulevard #96543
West Hollywood, CA 90069

Re: FTCA Claim TPB-24-0366 (Michael Arnold)

Dear Justin Sterling:

The U.S. Department of the Interior received a Standard Form 95 dated June 5, 2024, alleging $5,000,000 in personal injury damage. This claim states that it is based on a January 4, 2024 accident involving Claimant Michael Arnold, which occurred in Yosemite National Park.

This claim has been referred to me for determination under the Federal Tort Claims Act (FTCA), codified as amended primarily at 28 U.S.C. §§ 2671-80, which authorizes administrative settlement of claims for money damages against the United States for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the agency while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

After reviewing the submission and the applicable law, I hereby deny this claim. The FTCA and its waiver of sovereign immunity only apply to "officers or employees of any federal agency ... and persons acting on behalf of the federal agency in an official capacity." 28 U.S.C. § 2671. The FTCA defines "federal agency" as "the executive departments, ... independent establishments of the United States, and corporations primarily acting as instrumentalities or agencies of the United States, *but does not include any contractor with the United States*." *Id.* Upon information and belief, the alleged accident occurred in an area operated and maintained by a concessioner under a contract with the United States. *See* Yosemite Concessions Management, <https://www.nps.gov/yose/learn/management/concessions.htm> (accessed March 26, 2024).

If you are dissatisfied with this determination, you may submit to this Office, at the above address, a written request for reconsideration along with any supporting evidence within six months after the date of mailing of this letter, or you may, within that same period of time, file suit in an

appropriate United States District Court. The decision announced in this letter is final unless reconsideration is requested or suit is filed within the six-month period.

If you have any questions about this letter, please contact Theresa Copeland at theresa.copeland@sol.doi.gov.

Sincerely,

Patricia J. Reedy
Assistant Solicitor, Division of General Law
Torts Practice Branch

By: THERESA COPELAND Digitally signed by THERESA COPELAND Date: 2024.12.12 10:06:24 -07'00'

Theresa Copeland
Attorney Advisor, Division of General Law
Torts Practice Branch

cc (electronically): Jeff Webb, Mark Krebs, National Park Service