**Michael A. Dolan, Jr. (SBN 159456)**
**DOLAN & ASSOCIATES**
**31355 Oak Crest Drive, Suite 220**
**Westlake Village, California 91361**
**Telephone: (818) 316-0642**
**Email: michael@dolanassociates.net**

**Attorneys For Defendant, YOSEMITE HOSPITALITY, LLC**

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL ARNOLD,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA; ARAMARK MANAGEMENT SERVICES, LIMITED PARTNERSHIP, a business entity; YOSEMITE HOSPITALITY, LLC; a business entity;,<br><br>Defendant. | Civil No.: 1:25–CV–00347–JLT–SKO<br><br>**THE DEFENDANT YOSEMITE HOSPITALITY, LLC's ANSWER TO THE COMPLAINT**<br><br>Jury Trial: Yes: X No:<br><br>DATE ACTION FILED: 03/22/25 |

## I The Parties Filing This Answer to the Complaint

| | |
|---|---|
| Name | Yosemite Hospitality, LLC |
| Street Address | 2400 Market Street |
| City and County | Philadelphia, Philadelphia |
| State and Zip Code | Pennsylvania 19103 |
| Telephone Number | 209-372-1001 |

## II The Answer and Defenses to the Complaint

### A. Answering the Claims for Relief

JURISDICTION

1. Defendant admits that this Court has original jurisdiction to hear this Complaint under 28 U. S. C. §1332 and U.S.C. §1367(a).

VENUE

2. Defendant admits that venue is proper in this court.

PARTIES

3. Defendant admits only so much of Paragraph 2 of the Complaint that alleges Plaintiff resides in Georgia. Defendant lacks sufficient knowledge to admit or deny, the rest.

4. Defendant lacks sufficient knowledge to admit or deny the allegation.

5. Defendant admits only so much of Paragraph 5 of the Complaint that alleges that ARAMARK MANAGEMENT SERVICES LIMITED PARTNERSHIP was a legal entity. Defendant denies the remaining allegations of paragraph 5 of the Complaint.

6. Defendant admits the allegations of paragraph 6 of the Complaint.

7. Defendant admits only so much of paragraph 7 that alleges that YOSEMITE HOSPITALITY LLC had a concession contract with the National Park Service. Defendant denies the remaining allegations of paragraph 7.

8. Defendant denies the allegations of Paragraph 8 of the Complaint.

9. Defendant denies the allegations of Paragraph 9 of the Complaint.

10. Defendant denies the allegations of Paragraph 10 of the Complaint.

11. Defendant denies the allegations of Paragraph 11 of the Complaint.

12. Defendant denies the allegations of Paragraph 12 of the Complaint.

13. Defendant denies the allegations of Paragraph 13 of the Complaint.

14. Defendant denies the allegations of Paragraph 14 of the Complaint.

15. Defendant denies the allegations of Paragraph 15 of the Complaint.

16. Defendant denies the allegations of Paragraph 16 of the Complaint.

17. The allegations of paragraph 17 of the Complaint require no answer of Defendant but to the extent they require an answer, Defendant denies those allegations.

18. The allegations of paragraph 18 of the Complaint require no answer of Defendant but to the extent they require an answer, Defendant denies those allegations.

19. The allegations of paragraph 19 of the Complaint require no answer of Defendant but to the extent they require an answer, Defendant denies those allegations.

20. The allegations of paragraph 20 of the Complaint require no answer of Defendant but to the extent they require an answer, Defendant denies those allegations.

21. The allegations of paragraph 21 of the Complaint require no answer of Defendant but to the extent they require an answer, Defendant denies those allegations.

22. The allegations of paragraph 22 of the Complaint require no answer of Defendant but to the extent they require an answer, Defendant denies those allegations.

23. The allegations of paragraph 23 of the Complaint require no answer of

Defendant but to the extent they require an answer, Defendant denies those allegations.

24. The allegations of paragraph 24 of the Complaint require no answer of Defendant but to the extent they require an answer, Defendant denies those allegations.

25. The allegations of paragraph 25 of the Complaint require no answer of Defendant but to the extent they require an answer, Defendant denies those allegations.

26. The allegations of paragraph 26 of the Complaint require no answer of Defendant but to the extent they require an answer, Defendant denies those allegations. .

27. The allegations of paragraph 27 of the Complaint require no answer of Defendant but to the extent they require an answer, Defendant denies those allegations.

28. The allegations of paragraph 28 of the Complaint require no answer of Defendant but to the extent they require an answer, Defendant denies those allegations.

29. The allegations of paragraph 29 of the Complaint require no answer of Defendant but to the extent they require an answer, Defendant denies those allegations.

30. The allegations of paragraph 30 of the Complaint require no answer of Defendant but to the extent they require an answer, Defendant denies those allegations.

31. The allegations of paragraph 31 of the Complaint require no answer of Defendant but to the extent they require an answer, Defendant denies those allegations.

32. The allegations of paragraph 32 of the Complaint requires no answer of Defendant but to the extent that they require an answer, Defendant denies those allegations.

33. The allegations of paragraph 33 of the Complaint requires no answer of

Defendant but to the extent that they require an answer, Defendant denies those allegations.

34. The allegations of paragraph 34 of the Complaint requires no answer of Defendant but to the extent that they require an answer, Defendant denies those allegations.

35. The allegations of paragraph 35 of the Complaint requires no answer of Defendant but to the extent that they require an answer, Defendant denies those allegations.

36. The allegations of paragraph 36 of the Complaint requires no answer of Defendant but to the extent that they require an answer, Defendant denies those allegations.

37. The allegations of paragraph 37 of the Complaint requires no answer of Defendant but to the extent that they require an answer, Defendant denies those allegations.

38. The allegations of paragraph 38 of the Complaint requires no answer of Defendant but to the extent that they require an answer, Defendant denies those allegations.

39. The allegations of paragraph 39 of the Complaint requires no answer of Defendant but to the extent that they require an answer, Defendant denies those allegations.

40. The allegations of paragraph 40 of the Complaint requires no answer of

Defendant but to the extent that they require an answer, Defendant denies those allegations.

41. The allegations of paragraph 41 of the Complaint requires no answer of Defendant but to the extent that they require an answer, Defendant denies those allegations.

42. The allegations of paragraph 42 of the Complaint requires no answer of Defendant but to the extent that they require an answer, Defendant denies those allegations. .

43. The allegations of paragraph 43 of the Complaint requires no answer of Defendant but to the extent that they require an answer, Defendant deny those allegations.

44. Defendant denies the allegations of Paragraph 44 of the Complaint.

45. Defendant denies the allegations of Paragraph 45 of the Complaint.

46. Defendant denies the allegations of Paragraph 46 of the Complaint.

47. Defendant denies the allegations of Paragraph 47 of the Complaint.

48. Defendant denies the allegations of Paragraph 48 of the Complaint.

49. Defendant denies the allegations of Paragraph 49 of the Complaint.

50. Defendant denies the allegations of Paragraph 50 of the Complaint.

REQUEST FOR DISCLOSURE

51. Pursuant to the Federal Rule of Civil Procedure, request is hereby made to disclose the information or material described in Rule 26(a).

JURY DEMAND

52. Defendant hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

**B. Asserting Affirmative Defenses to the Claims for Relief**

The Plaintiff's claim for negligence is barred by:

1. The Complaint fails to state facts sufficient to constitute a cause of action against this answering Defendant.

2. Assumption of risk. At all times relevant herein, the Plaintiff knew the hazards involved in his actions, and knowing the probable consequences thereof, did place himself in a position of danger, and freely and voluntarily participated in all the activity alleged herein and thereby assumed the risks attendant thereto.

3. Comparative negligence of Plaintiff. At all times relevant herein, the conduct of Plaintiff was so reckless and negligent as to totally cause and/or contribute to some degree to the alleged incident and the damages and injuries, if any, alleged to have been sustained. Therefore, said negligence completely bars any recovery or, in the alternative, it reduces the right of recovery by that amount which said negligence contributed to this incident.

4. Appointment of fault. The liability of this Defendant, should be limited in direct proportion to this Defendant's percentage of negligence or fault, if any, and a separate judgement shall be rendered against this Defendant for that amount.

DOLAN & ASSOCIATES

5. Failure to mitigate damages. Plaintiff herein is barred from recovery, in whole or in part, by reason of failure to mitigate damages.

6. Good faith. At all times relevant herein, Defendant acted within the bounds of law, in good faith, with due care without malice.

7. Fault of others. If it should be found that this answering Defendant is in any manner legally responsible for injury or damages, if any sustained by Plaintiff, that any such injury or damages were proximately caused by other Defendants on this case, and/or by other persons or companies not parties to this case.

8. Open and obvious. Any defect the property or premises, if any, was open and obvious to Plaintiff.

9. Defendant reserves the right to assert further affirmative defenses as they become evident through discovery and investigation.

WHEREFORE, YOSEMITE HOSPITALITY, LLC. prays for judgment as follows:

1. That Plaintiff takes nothing by this action;

2. That in the event of recovery by Plaintiff against this Defendant, such recovery be reduced in proportion to the negligence of Plaintiff;

3. For costs of suit incurred herein; and

4. For such other and further relief as the Court deems just and proper.

Dated: April 24, 2025

DOLAN & ASSOCIATES

By ______________________

MICHAEL A. DOLAN, JR.
Attorneys for Defendant, YOSEMITE HOSPITALITY, LLC



DOLAN & ASSOCIATES

# CERTIFICATE OF SERVICE

STATE OF CALIFORNIA ]
] ss.
COUNTY OF LOS ANGELES ]

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is DOLAN & ASSOCIATES, 31355 Oak Crest Drive, Suite 220, Westlake Village, California 91361.

On April 24, 2025, I served the foregoing document described as **THE DEFENDANT YOSEMITE HOSPITALITY, LLC's ANSWER TO THE COMPLAINT** on the interested parties in Re Michael Arnold v. United State of America et al, Court Case No. 2:25-at-00383 - 1:25–CV–00347–JLT–SKO, Our Matter No. 19627, by electronically filing the document with the Court's CM/ECF system.

I certify that on April 24, 2025 I electronically filed the foregoing document(s) and that they are available for viewing and downloading from the Court's CM/ECF system, and that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on April 24, 2025, at Westlake Village, California.

SANDY BARATTA